## City of Chicago, Defendant in Error, v. Charles Baker, Plaintiff in Error.

### Gen. No. 21,568.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed April 28, 1916.

### Statement of the Case.

Complaint by City of Chicago, plaintiff, against Charles Baker, defendant, charging that he was "known to be a pickpocket and was found lounging in and prowling and loitering about a car and public place, and was unable to give a reasonable excuse for being so found in violation of section 2012 of the Chicago Code of 1911." To reverse a judgment finding him guilty and imposing a fine, defendant prosecutes this writ of error.

The only witness called to support the charge was the officer who arrested Baker and his companion, one Albert Johnson, while they were in a passenger car of one of the elevated street railroads of Chicago. The substance of his testimony was that he saw them board the car with other passengers at one station and that he took them off at another simply because he knew

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

them to be pickpockets. He admitted that he did not see them do anything except to take a seat in the car on each side of another passenger. He said he had their "records," and thereupon the prosecutor handed up to the judge a paper which the judge read, purporting to contain information of several arrests of said Baker for various offenses and of the result of the proceedings thereon in different jurisdictions, the introduction of which was objected to.

CHARLES E. ERBSTEIN and CHARLES P. R. MACAULAY, for plaintiff in error.

SAMUEL A. ETTELSON and HARRY B. MILLER, for defendant in error; DANIEL WEBSTER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1.  MUNICIPAL CORPORATIONS, § 864*—*when criminal record of accused not admissible.* On a prosecution charging defendant with being a pickpocket and loitering about a car and public place in violation of section 2012 of Chicago Code of 1911, a document proffered by the prosecutor to the court, over defendant's objection purporting to contain information of several arrests of defendant for various offenses and the result of the proceedings thereon in different jurisdictions is not competent.

2.  MUNICIPAL CORPORATIONS, § 867*—*when exception to judgment not necessary to review of sufficiency of evidence on writ of error.* On a writ of error to reverse a judgment in a prosecution, the fact that there was no exception to the judgment does not prevent the court from reviewing the error assigned as to the insufficiency of the evidence.

3.  MUNICIPAL CORPORATIONS, § 867*—*when absence of ordinance on which complaint based does not prevent review of sufficiency of evidence.* On a writ of error to reverse a judgment in a prosecution under a municipal ordinance, the court is not prevented from reviewing the error assigned as to the insufficiency of the evidence by reason of the absence from the record of the ordinance on which

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the complaint was based, where the trial court took judicial notice of the ordinance and no point was made requiring the reviewing court to consider either its scope or construction.

4. MUNICIPAL CORPORATIONS, § 867*—*what assumed as to ordinance and complaint where ordinance not in record on reviewing error assigned as to insufficiency of evidence.* On a writ of error to review a judgment in a prosecution under a municipal ordinance, where the error assigned is as to the insufficiency of the evidence and the ordinance is not in the record, in the absence of anything to the contrary in the record, the reviewing court will assume that there was an ordinance such as was referred to in the complaint of which the trial court took judicial notice, and that the acts charged in the complaint constituted a violation of the ordinance. ′

5. MUNICIPAL CORPORATIONS, § 864*—*when evidence insufficient to support verdict.* On a prosecution charging one known to be a pickpocket with lounging in and prowling and loitering about a car and public place without being able to give a reasonable excuse in violation of section 2012 of Chicago Code of 1911, evidence examined and *held* insufficient to support a verdict against defendant.